ROBERT P. SMITH, Jr., Judge.
Driving a Chevrolet vehicle tradenamed “Suburban,” appellant passed an agricultural inspection station without stopping for inspection. The inspector chased and stopped the vehicle, directed appellant to return to the station for inspection, arrested appellant for the misdemeanor of driving a truck past an inspection station, without stopping for inspection, Section 570.15(2), Florida Statutes (1977), and, with appellant’s consent — so found by the trial court on competent evidence — searched the vehicle, finding a quantity of marijuana for the possession of which appellant was here convicted and sentenced on his plea of nolo contendere, reserving suppression issues for appeal.
*402 Conflicting evidence was submitted to the trial court on the question of whether the vehicle was a truck, “designed or used principally for carrying things other than passengers,” Section 320.01(14), or rather a station wagon designed and used as a passenger vehicle. Noting that General Motors classified the vehicle as a truck, the trial court found it was a truck. The testimony and photographs reveal that the sturdily constructed vehicle had all appearances of a “truck” from the front seat forward but that the rear area is susceptible to use both for carrying passengers, on conventional bench seats, or alternatively for carrying cargo. This latter area, in the case of appellant’s vehicle, was curtained all around. The relatively heavy construction of the vehicle, its square front end appearance, and its shrouded passenger/cargo space gave the inspector probable cause to believe, as the vehicle passed the station, that it was “designed or used” principally to carry cargo, i. e., that it was a truck.
We need not decide whether, as a matter of law, the vehicle was a truck. Nor must we decide whether there was competent evidence supporting the trial court’s finding that the vehicle was a truck. Appellant was not on trial for a violation of Section 570.15(2). Regardless of whether the vehicle was in fact and law a truck, so that appellant was guilty of driving a truck past the inspection point in violation of Section 570.15(2), there was probable cause for the inspector to believe it was a truck, and that appellant violated Section 570.15(2). The arrest therefore was lawful and it did not vitiate appellant’s consent to the subsequent search. United States v. Robinson, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973); see also Michigan v. DeFillippo, - U.S. -, 99 S.Ct. 2627, 61 L.Ed.2d 343 (1979).
AFFIRMED.
MILLS, C. J., and MITCHELL, HENRY CLAY, Jr., Associate Judge, concur.